1  McGREGOR W. SCOTT
   United States Attorney
2  KENDALL J. NEWMAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2700

5

6

7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10 UNITED STATES OF AMERICA,      )    2:02-CV-00288-DFL-DAD
                                  )
11              Plaintiff,        )    *EX PARTE* APPLICATION AND ORDER
                                  )    AUTHORIZING TRUSTEE TO TURN OVER
12        v.                      )    ASSET TO THE U.S. MARSHALS
                                  )    SERVICE
13 ALL BENEFICIAL INTEREST IN A   )
   SECURED PROMISSORY NOTE        )
14 DATED JULY 1, 1999, IN THE     )
   AMOUNT OF $5,500,000.00,       )
15 SECURED BY DEED OF TRUST       )
   DATED MARCH 26, 1999, TO 38    )
16 UNPATENTED MINING CLAIMS IN    )
   SIERRA COUNTY, NEW MEXICO,     )
17                                )
                Defendant.        )
18 _____)

19       The United States of America hereby applies *ex parte* for an

20 order authorizing the Trustee to turn over the asset referred to as

21 All beneficial interest in a secured promissory note dated July 1,

22 1999, in the amount of $5,500,000.00, secured by deed of trust

23 dated march 26, 1999, to 38 unpatented mining claims in Sierra

24 County, New Mexico (hereinafter "the Asset") to the U.S. Marshals

25 Service to be disposed of according to law.  This application is

26 based on the Court's files and records in this action, the

27 declaration of Srinivasa Krishnan filed herein, and any argument

28 that the Court may entertain.

                                 1

I.

<u>PROCEDURAL BACKGROUND</u>

This civil forfeiture action arises out of the same events as those set forth in the Superseding Indictment filed in <u>United States v. Larry Wilcoxson</u>, CR S-99-0359 DFL.  The United States initiated this civil forfeiture action against the Asset on February 5, 2002.  On August 14, 2002, an Order on Plaintiff's *Ex Parte* Application for Default Judgment and Final Judgment of Forfeiture was filed forfeiting all right, title and interest in the Asset to the United States.

On August 16, 2002, Robb Evans was appointed as the Trustee to receive, protect and liquidate the Asset.  (Declaration of Srinivasa Krishnan at ¶ 3.)  To date, the Trustee has been unable to liquidate the Asset and has been paying annual fees to the Bureau of Land Management, the owner of the land.  <u>Id.</u>, at ¶¶ 8 - 10.

The Trustee approached the United States Marshals Service ("USMS"), with the consent of the United States Attorney's Office, to explore liquidation of the Asset with the assistance of the USMS.  <u>Id.</u>, at ¶ 12.  USMS has agreed to accept transfer of the Asset, subject to approval from this Court, and to start efforts to sell the Note and the Deed through sources known and avenues available to the USMS.  <u>Id.</u>  The Trustee believes that the proposed arrangement is cost-effective, would help facilitate closure of the Trust sooner and will be in the best interests of the Wilcoxson victims.  <u>Id.</u>, at ¶ 15.  The United States agrees with the Trustee.

///

///

1

II.

2

CONCLUSION

3        For the forgoing reasons, the United States requests that the

4   Court grant its application and order authorizing the Trustee to

5   turn over the above-described Asset to the U.S. Marshals Service,

6   to be disposed of according to law.

7   DATED: 11/02/06                 McGREGOR W. SCOTT
                                     United States Attorney
8

9                                   /s/ Kendall J. Newman
                                     KENDALL J. NEWMAN
10                                   Assistant U.S. Attorney

11

12                              **ORDER**

13        Substantially for the reasons given in the United States'

14   application, the Court has determined that it would be in the

15   interest of the Government, and in the public interest, to

16   authorize the transfer of the forfeited asset referred to as "All

17   beneficial interest in a secured promissory note dated July 1,

18   1999, in the amount of $5,500,000.00, secured by deed of trust

19   dated march 26, 1999, to 38 unpatented mining claims in Sierra

20   County, New Mexico", to the U.S. Marshals Service.  Accordingly,

21   the Court makes the following orders:

22        1.  Robb Evans, Trustee, shall transfer custody of the Asset

23   to the U.S. Marshals Service within thirty days of entry of this

24   order.

25        2.  The U.S. Marshals Service shall take custody of and

26   control over the Asset, and shall dispose of the Asset

27   ///

28   ///

1   according to law.

2       IT IS SO ORDERED.

3   DATED: November 9, 2006

                                     /s/ David F. Levi

4   _____

                                     DAVID F. LEVI

5                                      United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28